IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| YAIDILH Y. GUZMAN DE MASCORRO, | § § | |
| Plaintiff | § § | |
| v. | § § | C.A. No. 2:16-cv-00499 |
| CIGNA HEALTH AND LIFE INSURANCE COMPANY D/B/A LIFE INSURANCE COMPANY OF NORTH AMERICA, | § § § § § | |
| Defendant. | § | |

## **DEFENDANT'S 12(b)(6) MOTION TO DISMISS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant Life Insurance Company of New York ("LINA") (improperly named by Plaintiff as "Cigna Health and Life Insurance Company d/b/a Life Insurance Company of North America") submits this, its Motion to Dismiss the claims asserted in Plaintiff's Original Petition pursuant to Federal Rule of Civil Procedure 12(b)(6):

### I.

### NATURE OF PROCEEDING

Plaintiff Yaidilh Y. Guzman de Mascorro ("Plaintiff") filed this lawsuit in the County Court at Law No. 2 of Nueces County, Texas, making claims for accidental death benefits allegedly owed her under Group Accident Policies No. OK 980103 and OK 961535 (collectively, the "Policies") issued by LINA. The Policies are part of an employee welfare benefit plan which is exclusively regulated by the Employee Retirement Income Security Act of 1974 as amended, 29 U.S.C. § 1001, *et seq*.

1

("ERISA"). Because the federal courts have exclusive subject matter jurisdiction over ERISA claims, and because there is complete diversity between the parties, Defendant timely removed this matter to the United States District Court for the Southern District of Texas, Corpus Christi Division. Defendant now seeks dismissal of this matter, because Plaintiff's Original Petition fails to assert claims for which relief may be granted.

## II.

## ISSUES TO BE RULED ON

Plaintiff claims Defendant is liable to her for breach of contract because it denied her claim for benefits under the Policies. Plaintiff also alleges causes of action under the Texas Insurance Code and Texas Deceptive Trade Practices Act. Plaintiff's claims in this case relate to an ERISA Plan and are, therefore, completely preempted by the federal statute. Because Plaintiff's sole and exclusive remedies are set forth in 29 U.S.C. § 1132, no relief can be granted for the state law claims alleged, and Defendants seek dismissal of this matter under Rule 12(b)(6).

## III.

## ARGUMENT AND AUTHORITIES

### A. Standard of Review

In considering a motion under Rule 12(b)(6), the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004), *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). The United States Supreme Court has held that, to

survive such a motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007); *Katrina Canal Breaches Litig.*, 495 F.3d at 205. Therefore, to survive dismissal, the "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. Dismissal is proper, however, if the complaint does not allege a required element necessary to obtain relief. *Blackburn v. City of Marshall, Tex.*, 42 F.3d 925, 931 (5th Cir. 1995). Here, Plaintiff's Original Petition does not allege claims to relief which are plausible, as a matter of law, because all of the state law claims alleged are completely preempted by ERISA. Therefore, Defendant seeks dismissal of the claims asserted against it.

Generally, in considering a motion to dismiss for failure to state a claim, a district court must limit its inquiry "to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). However, documents attached to a defendant's motion to dismiss are deemed "part of the pleadings," and may therefore be considered by the Court, "if they are referred to in the plaintiff's complaint and are central to her claim." *Katrina Canal Breaches Litig.*, 495 F.3d at 205 (quoting *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)). Such documents "merely assist[] the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim had been stated." *Collins*, 224 F.3d at 499. Specifically,

3

2294636v.1

when a plaintiff's suit is based upon an employee benefits plan, governed by ERISA, the court may consider plan documents attached to a defendant's 12(b)(6) motion to dismiss. *See Franks v. Defendant Health Care Plan, Inc.*, 164 F. Supp. 2d 865, 872 (W.D. Tex. 2001). Consideration of such documents does not convert a Rule 12(b)(6) motion into one under Rule 56. *Id*. at 872 n.4 (citing *Cortec Indus. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991); *Sheppard v. Tex. Dept. of Transp.*, 158 F.R.D. 592, 596 n.7 (E.D. Tex. 1994)).

In her Original Petition, Plaintiff contends that Defendant is liable for failing to pay her claims for accidentally death benefits under Group Policies No. OK 980103 and OK 961535 issued by LINA to the insured decedent's employer, Peter Kiewit Sons, Inc. Plaintiff's Original Petition, ¶¶ IV, V. Because the Policies are referred to in the petition and is clearly central to Plaintiff's claims, it is permissible for this Court to consider documents describing the terms of the Policies as a part of Defendants' 12(b)(6) motion to dismiss. *Katrina Canal Breaches Litig.*, 495 F.3d at 205; *Collins*, 224 F.3d at 498-99; *Franks*, 164 F. Supp. 2d at 872. Accordingly, Defendant is attaching hereto as Exhibit "1" a true and correct copy of LINA Group Accident Policy No. OK 980103 (the "Basic Policy"). A copy of Group Accident Policy No. OK 961535 (the "Voluntary Policy") is attached hereto as Exhibit "2."

**B.**     **<u>Plaintiff's State Law Claims are Preempted by ERISA</u>**

In her petition, Plaintiff contends that Defendant is liable for denying accidental death benefits allegedly owed to her under the Policies. Because Plaintiff's state law

4

2294636v.1

claims relate to an ERISA-regulated employee welfare benefit plan, they are completely preempted by ERISA and must be dismissed.

### 1. Overview of ERISA Preemption

Plaintiff's state law claims are preempted by ERISA, even though she has not alleged claims under the Federal statute. Under the well-pleaded complaint rule, a cause of action raises a federal question only when the plaintiff's own statement of her case shows that it is based on the laws or Constitution of the United States. *Arana v. Ochsner Health Plan*, 338 F.3d 433, 437 (5th Cir. 2003). There is an exception to the well-pleaded complaint rule, however, in those instances where Congress has so completely preempted an area that any civil complaint arising in that area, even if it pleads state law claims only, "is necessarily federal in character." *Id.* at 437; *Boren v. N.I. Industries, Inc.*, 889 F.2d 1463, 1465 (5th Cir. 1989) (both quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987)). It is well-settled that ERISA is one such area that completely preempts all state law claims within its scope. *Metropolitan Life*, 481 U.S. at 62-66.

Section 514(a) of ERISA mandates that the statute's provisions "supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). The express preemption provisions of ERISA are deliberately expansive and designed to establish the regulation of employee benefit plans as an area of exclusively federal concern. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 46 (1986); *NGS American, Inc. v. Barnes*, 998 F.2d 296, 298 (5th Cir. 1993). Due to the breadth of the preemption clause and the broad remedial purpose of ERISA, few state laws are found to be beyond the scope of the preemption provision. *Cathey v. Metropolitan Life Ins. Co.*,

5

805 S.W.2d 387, 390 (Tex. 1991) (citing *Cefalu v. B.F. Goodrich Co.*, 871 F.2d 1290, 1294 (5th Cir. 1989)).

Courts in this circuit use a two-part test to establish whether a state law claim is preempted by ERISA. *Hernandez v. Jobe Concrete Prods., Inc.*, 282 F.3d 360, 362 n.3 (5th Cir. 2002); *McNeil v. Time Ins. Co.*, 205 F.3d 179, 189 (5th Cir. 2000). The first part of the test is a determination of "whether the benefit plan at issue constitutes an ERISA plan." *Hernandez*, 282 F.3d at 362 n.3. If so, then the next inquiry is "whether the claims 'relate to' the plan." *Id*. (citing *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 138-40 (1990)). State law claims that "relate to" an ERISA plan are preempted by the federal statue and must be dismissed. *McNeil*, 205 F.3d at 189, 192; *Ramirez v. Inter-Continental Hotels*, 890 F.2d 760, 764 (5th Cir. 1989). Here, the two-part test establishes that Plaintiff's claims are preempted by ERISA and must be dismissed.

  2. <u>The Policy at Issue is Part of an ERISA Plan</u>

Plaintiff's claims satisfy the first part of the two-part test because the Policy at issue is part of an ERISA plan. To determine whether a particular employee welfare plan qualifies as an ERISA plan, courts in this circuit use a three-step inquiry that has evolved from the relevant case law. *McNeil*, 205 F.3d at 189. Under this inquiry, a benefits plan is deemed an ERISA plan if all of the following requirements are met:

  (1) the plan exists;

      (2)      it does not fall within the safe harbor exclusion established by the Department of Labor;[1] and

      (3)      it meets the ERISA requirement of establishment or maintenance by an employer of the purpose of benefiting the plan participants.

*Id.* (citing *Meredith v. Time Ins. Co.*, 980 F.2d 352, 355 (5th Cir. 1993)). All of the above requirements are met by the Plan here. Peter Kiewit Sons', Inc. Health and Welfare Plan exists and is maintained by Kiewit for the benefit of its employees. *See* Exhibit 1, p. 2; Exhibit 2, p. 2. Further, each of the Policies states on its face that it is "insured in conjunction with an employee welfare benefit plan subject to the Employee Retirement Income Security Act of 1974 ('ERISA') …. [and] is a Plan document within the meaning of ERISA." Exhibit 1, p. 19; Exhibit 2, p. 25. Therefore, the Policies at issue are clearly part of an ERISA plan.

      3.      <u>Plaintiff's Claims "Relate To" the Plan</u>

The second part of the test establishes that Plaintiff's state law claims "relate to" the relevant ERISA plan. Consistent with the purpose of ERISA, the term "relates to" should be construed expansively and given the broadest possible reasonable interpretation. *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-97 (1983); *see also Met.*

---

[1] The "safe harbor exclusion" provides that a group insurance policy is not governed by ERISA if *all* of the following four criteria are met: "(1) the employer does not contribute to the plan; (2) participation is voluntary; (3) the employer's role is limited to collecting premiums and remitting them to the insurer; and (4) the employer received no profit from the plan." *McNeil v. Time Ins. Co.*, 205 F.3d 179, 189 (5th Cir. 2000). It is well-settled that a Plan is not excluded from ERISA coverage if the employer makes any contribution to the plan as a whole. *Id.* at 190; *Armstrong v. Columbia/HCA Healthcare Corp.*, 122 F. Supp. 2d 739, 742 (S.D. Tex. 2000). Here, the decedent's employer, Subscriber Peter Kiewit Sons', Inc., contributes to the cost of coverage under the Policies. Exhibit 1, pp. 2, 4, and Amendment 1; Exhibit 2, pp. 2, 6, and Amendment 1, 2 . Therefore, there can be no argument that the Plan falls within the safe harbor exclusion to ERISA preemption.

*Life Ins. Co. v. Mass.* 471 U.S. 724, 739 (1985); *NGS American*, 998 F.2d at 298. A law "relates to" an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan. *Shaw*, 463 U.S. at 97; *Hogan v. Kraft Foods*, 969 F.2d 142, 144 (5th Cir. 1992). Accordingly, state law may be preempted even if it does not specifically concern subjects covered by ERISA. *Shaw*, 463 U.S. at 98-100.

The United States Supreme Court explained, in the controlling case of *Pilot Life Insurance Co. v. Dedeaux*, that "ERISA's civil enforcement remedies were intended to be exclusive." 481 U.S. 41, 54 (1987). Indeed, "the policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA." *Id.*; *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 64-65 (1987). For that reason, the Supreme Court conclusively held that ERISA "pre-empts state common law tort and contract claims asserting improper processing of a claim for benefits under an insured employee benefit plan," including breach of contract, breach of fiduciary duty, and fraud in the inducement. *Pilot Life*, 481 U.S. at 43; *and see Hermann Hosp. v. MEBA*, 845 F.2d 1286, 1291 (5th Cir. 1988).

Applying the reasoning used by the Supreme Court in *Pilot Life*, the United States Court of Appeals for the Fifth Circuit has repeatedly and consistently held that Texas common-law claims for breach of contract, unfair settlement practices, breach of the duty of good faith and fair dealing, and negligent misrepresentation are preempted by ERISA, as are claims for violations of the DTPA and Texas Insurance Code, including the unfair

and untimely processing of claims. *See, e.g., Ellis v. Liberty Life Ins. Assurance Co. of Boston*, 394 F.3d 262, 274-278 (5th Cir. 2004); *McNeil v. Time Ins. Co.*, 205 F.3d 179, 191 (5th Cir. 2000); *Barrientos v. Reliance Standard Life Ins. Co.*, 911 F.2d 1115, 1116 (5th Cir. 1990); *Ramirez v. Inter-Continental Hotels*, 890 F.2d 760, 763-764 (5th Cir. 1989); *and see St. Luke's Episcopal Hosp. Corp. v. Stevens Transport, Inc.*, 172 F. Supp. 2d 837, 844 (S.D. Tex. 2001) (statutory claims for Unfair Claim Settlement Practices preempted by ERISA). Moreover, a claim falls squarely within the scope of ERISA when it is either a claim "to recover benefits due to him under the terms of his plan" or a claim "to enforce his rights under the terms of the plan." *Arana v. Ochsner Health Plan*, 338 F.3d 433, 438 (5th Cir. 2003) (quoting ERISA § 502(a)(1)(B)).

    Here, Plaintiff's claims for breach of contract fall squarely within the scope of ERISA, as those are claims to either recover benefits allegedly due to her under the terms of the Plan or to enforce her alleged rights under the terms of the Plan. *Arana v. Ochsner Health Plan*, 338 F.3d 433, 438 (5th Cir. 2003) (citing ERISA § 502(a)(1)(B)). Further, Plaintiff's allegations of unfair settlement practices under the DTPA and breach of good faith under the Texas Insurance Code exactly the sort of causes of action which the Fifth Circuit has consistently held "relate to" an ERISA plan. *See Ellis*, 394 F.3d at 274-278; *McNeil*, 205 F.3d at 191; *Barrientos*, 911 F.2d at 1116; *Ramirez*, 890 F.2d at 763-764; *St. Luke's Episcopal Hosp.*, 172 F. Supp. 2d at 844. Therefore, the state law claims asserted by Plaintiff are completely preempted by ERISA and must be dismissed.

2294636v.1

### 4. Non-ERISA Remedies Preempted

Plaintiff seeks treble damages, punitive damages, statutory interest and attorney's fees under the Texas Insurance Code and DTPA. Each of these damage claims is completely preempted by ERISA. Even if the state laws claims at issue in this case survived ERISA preemption (which they do not), the remedies they provide are nevertheless preempted as remedies that are inconsistent with ERISA's exclusive civil enforcement provisions. *See Cathey v. Metropolitan Life Ins. Co.*, 805 S.W.2d 387, 391 (Tex. 1991) (citing *Pilot Life*, 481 U.S. at 51-57). Because the civil enforcement remedies set forth in ERISA are intended to be exclusive, the ERISA civil enforcement scheme may not be supplemented by state law remedies. Plaintiff's claims, without exception, "relate to" an ERISA-regulated employee welfare benefit plan. Therefore, the remedies claimed are preempted by ERISA and should be dismissed.

Additionally, and in the alternative, to the extent that any of Plaintiff's claims remain, Plaintiff's jury demand should be denied as ERISA does not entitle a plaintiff to a jury trial. *Provident Life & Accident Ins. Co. v. Sharpless*, 364 F.3d 634, 640 (5th Cir. 2004); *Borst v. Chevron Corp.*, 36 F.3d 1308, 1324 (5th Cir. 1994).

## IV.

## CONCLUSION

As a matter of law, Plaintiff's state law claims in this case are entirely preempted by ERISA. Accordingly, the claims asserted against Life Insurance Company of North America in Plaintiff's Original Petition should be dismissed for failure to state a claim upon which relief can be granted. Defendant respectfully requests that the Court dismiss

with prejudice the claims asserted against it, and for such other remedies to which Defendant may be entitled, whether in law or in equity.

                                    Respectfully submitted,

By:    */s/ Linda P. Wills*
          Linda P. Wills
          Texas Bar No. 21661400
          Federal I.D. No. 12566
          909 Fannin, Suite 3300
          Houston, Texas  77010
          Telephone: 713/353-2000
          Telecopy:   713/785-7780
          Linda.Wills@WilsonElser.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA**

**OF COUNSEL:**

**WILSON, ELSER, MOSKOWITZ,
  EDELMAN & DICKER, LLP**

Marjorie Cohen
State Bar No. 24031960
Federal I.D. No. 34303
909 Fannin, Suite 3300
Houston, Texas  77010
Telephone: 713/353-2000
Telecopy:   713/785-7780
Marjorie.Cohen@WilsonElser.com

2294636v.1

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the above and foregoing document was forwarded to all attorneys of record in accordance with the Federal Rules, on this 9th day of December, 2016

***Via Facsimile & CM/ECF***
David T. Burkett
The Burkett Law Firm
538 S. Tancahua St.
Corpus Christi, TX 78401

                                      */s/ Marjorie L. Cohen*
                                      **Marjorie L. Cohen**

2294636v.1