UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

YAIDILH Y GUZMAN DE MASCORRO, §
§
    Plaintiff, §
VS. § CIVIL ACTION NO. 2:16-CV-499
§
CIGNA HEALTH AND LIFE §
INSURANCE COMPANY; dba LIFE §
INSURANCE COMPANY OF NORTH §
AMERICA, §
§
    Defendants. §

# ORDER

After the death of her husband, Plaintiff Yaidilh Y. Guzman de Mascorro filed this action against CIGNA Health and Life Insurance Company d/b/a Life Insurance Company of North America (CIGNA), seeking accidental death benefits allegedly due from two employer-based life insurance policies, along with damages for the company's failure to timely pay her claim. In her original petition filed in state court, she alleged only state law claims of breach of contract, deceptive trade practices, and violations of the Texas Insurance Code. D.E. 1-3.

CIGNA removed the case to this Court and filed its Motion to Dismiss (D.E. 9) alleging preemption of all of the state law claims under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, et seq. Plaintiff responded, contending that the policies are not governed by ERISA and thus ERISA preemption does not apply. Additionally, Plaintiff filed a Motion for Leave to File First Amended Petition (D.E. 13), continuing to allege her state law claims and seeking to add an alternative claim for

policy benefits under 29 U.S.C. § 1132(a)(1)(B). For the reasons set out below, the Court DENIES the motion to dismiss the state law claims and GRANTS Plaintiff's motion for leave to file an amended complaint.

## STANDARD OF REVIEW

The test of pleadings under Rule 12(b)(6) is devised to balance a party's right to redress against the interests of all parties and the court in minimizing expenditure of time, money, and resources devoted to meritless claims. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Furthermore, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). The Court further construes the facts alleged in the complaint as true.

A motion to dismiss for failure to state a claim upon which relief can be granted can be based not only on a plaintiff's claims but on matters that support an affirmative defense, such as limitations or preemption. *E.g.*, *Adobbati v. Guardian Life*, 213 F.3d 638 (5th Cir. 2000) (evaluating ERISA preemption in 12(b)(6) context). Even if some allegations support a claim, if other allegations negate the claim on its face, then the pleading does not survive the 12(b)(6) review.

> A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim; that does not make the statute of limitations any less an affirmative defense, *see* Fed. Rule Civ. Proc. 8(c). Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the

> allegations in the complaint suffice to establish that ground,
> not on the nature of the ground in the abstract.

*Jones v. Bock*, 549 U.S. 199, 215 (2007).

## DISCUSSION

### A. The Court May Consider the Policies

Plaintiff objects to the Court's consideration of the group accident policies (D.E. 9-1, 9-2), which are attached to the motion to dismiss. Yet these are the same policies on which she has based this action, referring to them by their policy numbers in her pleading. D.E. 1-3, p. 3.

In a Federal Rule of Civil Procedure 12(b)(6) context, the Court may consider: (a) documents attached to the complaint or identified as central to the claims made therein; (b) documents attached to the motion to dismiss that are referenced in the complaint; and (c) documents that are subject to judicial notice as public record. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000). Therefore, the Court may consider the policies CIGNA submitted without converting the motion to a summary judgment motion under Rule 56.

### B. Whether the Policies are Governed by ERISA is a Fact Question

Whether there is an ERISA plan is a question of fact when there is conflicting evidence. *Shearer v. Sw. Serv. Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008). ERISA qualification is demonstrated by showing: (1) the plan exists; (2) the plan falls outside the safe harbor exclusion because, in this case, the employer contributes to the plan; and (3) the plan is established by the employer for the purpose of providing benefits to its employees. *McNeil v. Time Ins. Co.*, 205 F.3d 179, 189 (5th Cir. 2000); *Meredith v. Time*

*Ins. Co.*, 980 F.2d 352, 355 (5th Cir. 1993). The purchase of insurance, while constituting substantial evidence of an ERISA plan, is not conclusive. *Mem'l Hosp. Sys. v. Northbrook Life Ins. Co.,* 904 F.2d 236, 242 (5th Cir. 1990); *see also Kidder v. H&B Marine, Inc.*, 932 F.2d 347, 353 (5th Cir. 1991).

Plaintiff argues that the policies are not governed by ERISA because they were issued to "Trustee of the Group Insurance Trust for Employers in the Construction Industry," as policyholder. Kiewit Offshore Services, Ltd is listed as one of four affiliates covered by the policies, along with three Nebraska companies. D.E. 9-2, p. 28; D.E. 9-3, p. 47. The term "affiliates" is not defined by the policies. Consequently, Plaintiff argues that the policy has been issued to a Multiple Employer Trust (MET) and cannot constitute an ERISA plan, citing *Taggart Corp. v. Life & Health Benefits Admin.*, 617 F.2d 1208, 1211 (5th Cir. 1980) and *Northbrook, supra*. However, Peter Kiewit Sons', Inc.—decedent's alleged employer—is listed as subscriber throughout the policies and their amendments. D.E. 9-2, 9-3. Furthermore, the Fifth Circuit has determined that purchasing a policy through a MET does not necessarily take it outside of ERISA coverage. *Northbrook,* 904 F.2d at 242.

The scenario under which these policies were purchased does not appear to be equivalent to the *Taggart* scenario. In *Taggart*, the company employing a single employee sought to purchase a single-employee policy at a discount by pooling with other employers. Here it appears that there is a much larger number of employees covered by the policies. Nonetheless, there is a fact issue whether the employer here purchased the insurance for the benefit of the employees.

The Court further observes that there are no allegations addressing the requirement that the employer be engaged in interstate commerce. *McNeil,* 205 F.3d at 191. And the policies, being the only evidence before the Court, are not conclusive of any issues. *Northbrook, supra*. If "an employer does no more than purchase insurance for its employees and has no further involvement with the collection of premiums, administration of the policy, or submission of claims, the employer has not established an ERISA plan." *Shearer,* 516 F.3d at 279.

## CONCLUSION

The Court declines to convert the motion to dismiss to a summary judgment motion because Plaintiff has not had an opportunity to conduct discovery. Fed. R. Civ. P. 56(d). In addition, Plaintiff's desire to add an ERISA claim in the alternative—an amendment the Court is inclined to allow—indicates that the motion to dismiss would not be dispositive of the case at any rate. Therefore, without reaching the question of whether the state claims would be preempted if ERISA applies, the Court DENIES the motion to dismiss (D.E. 9) because CIGNA has not demonstrated that Plaintiff's claim is conclusively defeated by the pleadings, even when the policies are considered along with the pleading. The Court GRANTS Plaintiff's motion for leave to amend and instructs the Clerk to file the amended complaint (D.E. 13-1) as an independent document on the docket of this case.

ORDERED this 21st day of February, 2017.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE