*UNITED STATES DISTRICT COURT*
*SOUTHERN DISTRICT OF TEXAS*
*CORPUS CHRISTI DIVISION*

| | | |
|---|---|---|
| *YAIDILH Y. GUZMAN DE MASCORRO* | § | |
| | § | |
| *V.* | § | *CIVIL ACTION NO. 2:16CV499* |
| | § | |
| *CIGNA HEALTH AND LIFE INSURANCE* | § | |
| *COMPANY D/B /A LIFE INSURANCE* | § | |
| *COMPANY OF NORTH AMERICA* | § | |

<u>*PLAINTIFF'S FIRST AMENDED PETITION*</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES *YAIDILH Y. GUZMAN DE MASCORRO*, Plaintiff herein, complaining of *CIGNA HEALTH AND LIFE INSURANCE COMPANY D/B/A LIFE INSURANCE COMPANY OF NORTH AMERICA*, Defendant, and for cause of action would show the Court the following:

**I.**
<u>**JURISDICTION AND PROCEDURAL BACKGROUND**</u>

This action was original filed in the County Court at Law Number Two, Nueces County, Texas, styled *Yaidilh Y. Guzman De Mascorro v. Cigna Health and Life Insurance Company D/B/A Life Insurance Company of North America*. Defendants removed the case to federal court based upon two grounds: 1) diversity jurisdiction provided by 28 U.S.C. § 1441; and 2) federal question jurisdiction under 29 U.S.C. §1001, et seq. Plaintiff concedes that diversity jurisdiction exists, but controverts federal question jurisdiction under ERISA

# "EXHIBIT A"

## II.
## PARTIES AND SERVICE

1.     Plaintiff, Yaidilh Y. Guzman de Mascorro is a resident of Nueces County, Texas.

2.     Defendant Cigna Health and Life Insurance Company d/b/a Life Insurance Company of North America is a Connecticut corporation authorized to do business in the state of Texas, and may be served with process through its registered agent, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.   Said Defendant has filed an appearance in this case, and no service is necessary.

## III.
## FACTS

3.     On or March 29, 2016 Plaintiff's husband, Jose Mascorro, was killed in an accident.  At the time of his death, Plaintiff's husband was employed by Peter Kiewit Sons, Inc., who provided life insurance coverage to Plaintiff's husband under policy numbers OK 980103 and OK 961535.   Both these policies were underwritten by Defendant.    Plaintiff was the beneficiary of each of the policies.   Plaintiff claimed the proceeds of both the policies.  Defendant wrongfully denied Plaintiff's claim stating various exclusions to the policies.

## IV.
## BREACH OF CONTRACT

4.     Plaintiff  would show that Plaintiff's decedent and Defendant entered into a valid and enforceable contract for life insurance.

2

5.      Plaintiff's decedent fully performed under the contract by paying premiums through his employer Peter Kiewit Sons Inc., but Defendant materially breached the contract by failing to pay policy benefits due to Plaintiff, an intended third-party beneficiary of the policy.

6.      Plaintiff suffered significant pecuniary loss as a result of Defendant's breach.

## V.
## DECEPTIVE TRADE PRACTICES

7.      Plaintiff would show that Defendant engaged in certain false, misleading and deceptive acts, practices and/or omissions actionable under the Texas Deceptive Trade Practices - Consumer Protection Act (Texas Business and Commerce Code, Chapter 17.41, et seq.), as alleged hereinbelow.

8.      DTPA Violations under Texas Insurance Code.  Plaintiff would further show that Defendant engaged in false, misleading or deceptive acts as provided by the Texas Insurance Code, § 541.051 et seq. in that Defendant:

(a)     made an untrue statement of material fact;

(b)     failed to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; and

( c )   made a statement in a manner that would mislead a reasonably prudent person to a false conclusion of material fact;

9.      Producing Cause.  Plaintiff would show that the acts, practices and/or omissions complained of were the producing cause of Plaintiff's damages described

3

hereinbelow.

10.    <u>Reliance</u>.  Plaintiff would further show the acts, practices and/or omissions complained of herein were relied upon by Plaintiff to Plaintiff's detriment.

## VI.
## DEFENDANT'S CONDUCT VIOLATES
## PROVISIONS OF THE TEXAS INSURANCE CODE §541.060(a)(2)(A)

11.    Defendant failed to attempt in good faith to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear in violation of §541.060(a)(2)(A).

12.    Defendant's failed to promptly pay the death benefits under the terms of the policies. Defendant is liable to Plaintiff for their failure to effectuate a prompt, fair and equitable settlement under Prompt Payment of claims in violation of 542.001 et.seq. Texas Insurance Code.

## VII.
## ATTORNEY'S FEES & STATUTORY PENALTIES

13.    Pursuant to Section 38.001 of the Texas Civil Practice & Remedies Code and 542.060 Texas Insurance Code, which Plaintiff would show are substantive laws within the meaning of *Erie Railroad Co. v. Tompkins* and its progeny, request is made for all costs and reasonable and necessary attorney's fees incurred by Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just together with all statutory penalties.

4

## XIII.
## DAMAGES

14.     Plaintiff affirmatively pleads that she seeks only monetary relief not to exceed $500,000.00, excluding costs, pre-judgment interest, and attorney's fees.

## IX.
## ALTERNATIVE CAUSE OF ACTION FOR VIOLATION OF ERISA

15.     Alternatively, and only in the unlikely event that the Court rules that Plaintiff's state law claims are in fact preempted, Plaintiff would show that she is a beneficiary entitled to bring an action to recover benefits due her and/or enforce her rights under the policies in question pursuant to 29 U.S.C. § 1132(a)(1)(B).

16.     Plaintiff would further alternatively show that she is entitled to benefits under the policies in question and that Defendant has wrongfully denied her claims.

17.     Thus, Plaintiff is alternatively entitled to  payment of the full amount of the policies' benefits as well as accrued interest.

## X.
## JURY DEMAND

18.     As ERISA does not preempt Plaintiff's state law claims, Plaintiff hereby demands a jury trial as to all issues triable by a jury.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant in an amount in excess of the minimum

jurisdictional limits of the Court, together with prejudgment and post-judgment interest at the maximum rate allowed by law, attorney's fees, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

s/ David T. Burkett
David T. Burkett, Attorney In-Charge
State Bar No. 03410500
Federal ID #: 12179

OF COUNSEL:

**THE BURKETT LAW FIRM**
538 S. Tancahua
Corpus Christi, Texas 78401
(361) 882-8822
(361) 883-0733 (FAX)

Mr. Nathan Burkett
State Bar No. 24058264
Federal ID # 877363
**THE LAW OFFICES OF NATHAN BURKETT**
P.O. Box 3189
Corpus Christi, Texas 78463
(361) 883-8868
(361) 883-0733 (FAX)

6

### *CERTIFICATE OF SERVICE*

This is to certify that a true and correct copy of the above and foregoing instrument was filed with the District Court for the Southern District of Texas Corpus Christi Division and was forwarded to all counsel of record Via Electronic Transfer and Via Facsimile this 4th day of January, 2017, to-wit:

Ms. Linda P. Wills
*WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP*
909 Fannin, Suite 3300
Houston, Texas 77010


                        s/ David T. Burkett

7