IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| YAIDILH Y. GUZMAN DE MASCORRO, § | | |
| § | | |
| Plaintiff § | | |
| § | | |
| v. § | C.A. No. 2:16-cv-00499 | |
| § | | |
| CIGNA HEALTH AND LIFE INSURANCE § | | |
| COMPANY D/B/A LIFE INSURANCE § | | |
| COMPANY OF NORTH AMERICA, § | | |
| § | | |
| Defendant. § | | |

## DEFENDANT'S ORIGINAL ANSWER
## TO PLAINTIFF'S FIRST AMENDED PETITION

COMES NOW, Defendant, Life Insurance Company of North America ("LINA") (improperly named by Plaintiff as "Cigna Health and Life Insurance Company d/b/a Life Insurance Company of North America") and files this its Original Answer to Plaintiff's First Amended Petition ("Complaint"), and respectfully shows as follows:

## ANSWER

### I.
### JURISDICTION AND PROCEDURAL BACKGROUND

Responding to the first two sentences of the unnumbered paragraph, admit. Responding to the third sentence, deny that there is any valid basis to controvert federal question jurisdiction under ERISA. Admit that there is diversity jurisdiction.

### II.
### PARTIES AND SERVICE

1

2393492v.1

1. Responding to Paragraph 1, on information and belief, admit.

2. Responding to Paragraph 2, deny that Defendant is properly referred to as "Cigna Health and Life Insurance Company d/b/a Life Insurance Company of North America." Admit that Defendant has been properly served.

## III.
## ALLEGED FACTS

3. Responding to the first sentence of Paragraph 3, admit that Plaintiff's husband Jose Mascorro ("Mascorro," the "Insured") died on March 29, 2016. Deny that the Insured's death was an "Accident" as that term is defined by the relevant Plan and Policy language. Responding to the second sentence, admit that LINA issued Group Policies No. OK 980103 and OK 961535 to the Trustee of the Group Insurance Trust for Employers in the Construction Industry, with Subscriber Peter Kiewit Sons' Inc. ("Kiewit"). Admit further that the Insured was an employee of Kiewit. Responding to the third sentence, admit. Responding to the fourth sentence, admit that Plaintiff was designated as a beneficiary by the Insured. Responding to the fifth sentence, admit that Plaintiff made a claim for benefits under the Policies. Responding to the sixth sentence, admit that benefits were denied but deny that the denial was wrongful. The remaining averments set forth in Paragraph 3 are denied.

## IV.
## ALLEGED BREACH OF CONTRACT

4. Responding to Paragraph 4, deny.

5. Responding to Paragraph 5, defendant lacks knowledge or information sufficient to form a belief as to whether the Insured paid premiums through his employer.

2
2393492v.1

Deny any breach of contract by Defendant. Deny that any state law governing breach of contract applies to these federally-governed ERISA Policies.

6. Responding to Paragraph 6, deny.

## V.
## ALLEGED DECEPTIVE TRADE PRACTICES

7. Responding to Paragraph 7, deny. Deny that the Texas Deceptive Trade Practices Act applies to these federally-governed ERISA Policies.

8. Responding to Paragraph 8, and subparts (a) – (c), deny. Deny that the Texas Deceptive Trade Practices Act applies to these federally-governed ERISA Policies.

9. Responding to Paragraph 9, deny.

10. Responding to Paragraph 10, deny

## VI.
## ALLEGED VIOLATIONS OF TEXAS INSURANCE CODE § 541.060(a)(2)(A)

11. Responding to Paragraph 11, deny. Deny that the Texas Insurance Code applies to these federally-governed ERISA Policies.

12. Responding to the first sentence of Paragraph 12, admit that accidental death benefits were not paid. Deny that accidental death benefits were owed. Responding to the second sentence, deny. Deny that the Texas Insurance Code applies to these federally-governed ERISA Policies.

## VII.
## ATTORNEY'S FEES & STATUTORY PENALTIES

13. Responding to Paragraph 13, admit that this paragraph reflects the relief sought by Plaintiff but deny she is entitled to same. Deny further that Tex. Civ. Prac. &

Rem. Code § 38.001 and Tex. Ins. Code § 542.060 are "substantive laws" or that they apply to these federally-governed ERISA Policies.

## VIII.
## ALLEGED DAMAGES

14. Responding to Paragraph 14, admit that this paragraph reflects the relief sought by Plaintiff but deny she is entitled to same.

## IX.
## ALTERNATIVE CAUSE OF ACTION FOR ALLEGED VIOLATION OF ERISA

15. Responding to Paragraph 15, admit that Plaintiff has standing to bring a claim for benefits under 29 U.S.C. § 1132(a)(1)(B). The remaining averments set forth in Paragraph 15 are denied. Specifically deny that Plaintiff is entitled to recover benefits.

16. Responding to Paragraph 16, deny.

17. Responding to Paragraph 17, deny.

## X.
## JURY DEMAND

18. Deny that Plaintiff is entitled to trial by jury in this ERISA matter.

## PRAYER

19. Responding to the prayer, admit that this paragraph accurately reflects the relief sought by Plaintiff but deny that she is entitled to same.

## AFFIRMATIVE DEFENSES

Subject to the foregoing, Defendant Life Insurance Company of North America ("LINA") pleads, in addition thereto, the following affirmative defenses:

20. Plaintiff has stated claims for which no relief is available.

21. Plaintiff's state law claims and causes of action are preempted by ERISA.

22. Any decision made by Defendant regarding Plaintiff's claim for benefits, if any, was not an abuse of discretion.

23. Any decision made by Defendant regarding Plaintiff's claim for benefits, if any, was not arbitrary and capricious.

24. Any benefit determination made by Defendant with respect to Plaintiff's claim for benefits, if any, was proper and correct under the terms of the Plan.

25. Defendant asserts that Plaintiff has failed to mitigate her damages, if any.

26. Alternatively, Plaintiff's damages, if any, were caused in whole or part by prior or subsequent acts not attributable to Defendant.

27. Any damages to which Plaintiff may be found to be entitled must be reduced and/or offset by virtue of her right, entitlement, and/or assumed receipt of collateral disability or other income replacement benefits, as defined by the ERISA Plan's governing documents and/or applicable insuring policy.

28. Defendant asserts that no coverage is afforded under the Policies because the loss at issue does not meet the applicable definition of "Covered Accident."

29. Defendant asserts that no coverage is afforded under the Policies because the loss at issue was not due to a "Covered Injury," under the applicable definition.

30. Defendant asserts that no coverage is afforded under the Policies because the loss at issue directly or indirectly, in whole or in part, was caused by or resulted from operating any type of vehicle while under the influence of alcohol.

31. The DTPA claim filed against LINA by Plaintiff is groundless in law or fact, brought in bad faith, and/or brought for the purpose of harassment. Defendant seeks recovery of its reasonable and necessary attorney's fees under TEX. BUS. & COM. CODE § 17.5(c).

32. Defendant reserves its right to amend its Answer and Affirmative Defenses as may be applicable during the course of this litigation.

WHEREFORE, PREMISES CONSIDERED, Defendant Life Insurance Company of North America requests that Plaintiff take nothing by her claims and that Defendant be awarded its attorneys' fees and such other and further relief, at law or in equity, to which it is justly entitled.

Respectfully submitted,

By: _/s/ Linda P. Wills_____
Linda P. Wills
State Bar No. 21661400
Federal Bar No. 12566
909 Fannin, Suite 3300
Houston, Texas 77010
Telephone: 713-353-2000
Facsimile 713-785-7780
Linda.Wills@WilsonElser.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA**

6
2393492v.1

OF COUNSEL:

**WILSON, ELSER, MOSKOWITZ,
   EDELMAN & DICKER, LLP**

Marjorie Cohen
State Bar No. 24031960
Federal I.D. No. 34303
909 Fannin, Suite 3300
Houston, TX 77010
Telephone: 713-353-2000
Facsimile   713-785-7780
Marjorie.Cohen@WilsonElser.com

## CERTIFICATE OF SERVICE

     I certify that a copy of **Defendant's Original Answer to Plaintiff's First Amended Petition** has been forwarded to all known counsel of record via CM/ECF on this 7th day of March, 2017

David T. Burkett
Nathan Burkett
The Burkett Law Firm
538 S. Tancahua St.
Corpus Christi, TX 78401

                                    */s/ Marjorie L. Cohen*
                                    **Marjorie L. Cohen**

2393492v.1